The TOWN OF WALLKILL, Plaintiff,

and

The State of New York, Plaintiff–Intervenor,

v.

TESA TAPE INC., et al., Defendants.

FORD MOTOR COMPANY, et al., Third–Party Plaintiffs,

v.

ROUND LAKE SANITATION CORP., Third–Party Defendant.

REVERE SMELTING & REFINING CORPORATION OF NEW JERSEY, et al., Additional Third–Party Plaintiffs,

v.

STRICK CORPORATION, et al., Additional Third–Party Defendants.

No. 94 CIV. 7133(JSR).

United States District Court, S.D. New York.

Nov. 5, 1997.

Kimberly Shaw Rea, White Plains, NY, Eugene Martin–Left, New York, NY, for Plaintiff.

Philip H. Gitlen, Albany, NY, for Defendants.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

On September 12, 1997, a consent decree was entered settling this large environmental case as to certain defendants. On September 18, 1997, all remaining parties to the case entered into a global settlement of all remaining claims, the terms of which were specified on the record in open court, *see* transcript. Among other provisions, counsel for plaintiff-intervenor New York State expressly confirmed that all the newly-settling defendants would "receive a covenant not to sue." Tr. at 6.

By letter brief dated October 17, 1997, counsel for plaintiff-intervenor now argues that the September 18 settlement with the newly-settling defendants should be understood to include a provision, never mentioned on September 18 but included in the September 12 settlement with the previously-settling defendants, permitting plaintiffs to reopen the action "in the event of discovery of previously unknown conditions which threaten the environment or the public health." Pls.' Letter Br. at 2. Predictably, the previously-settling defendants (anxious not to bear the burden alone of any such reopening) support plaintiffs' position, while the newly-settling defendants vigorously oppose it.

As between the relevant parties, however, each settlement agreement is a separate contract and must be enforced according to its express terms. *Janus Films, Inc. v. Miller*, 801 F.2d 578, 583 (2d Cir.1986); *Wallace v. 600 Partners Co.*, 86 N.Y.2d 543, 548, 634 N.Y.S.2d 669, 658 N.E.2d 715 (1995). "If the terms of a contract are unambiguous, the obligations it imposes are to be determined without reference to extrinsic evidence." *Hunt Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir. 1989). *See also City and County of Denver v. Adolph Coors Co.*, 813 F.Supp. 1476 (D.Colo.1993). Here, the settlement agreement announced on September 18, 1997 contained a covenant not to sue but made no mention of a reopener provision. While counsel for plaintiff-intervenor now states that it was his intention that the settlement contain such a provision, Martin–Leff Decl. at ¶ 8, he kept that intention secret from the

Court and even, it appears, from the newly-settling parties with whom he was negotiating on September 18. *Id.* "[M]utual assent is to be judged only by overt acts and words rather than by the hidden or secret intention of the parties." 1 S. Williston, *A Treatise on the Law of Contract* § 4.1 (4th ed.1990).

A reopener provision represents such a clearly material term in a contract of this kind, and such a significant limitation on any covenant not to sue, that the parties, in setting forth the terms of their settlement in open court, unquestionably would be expected to state such a term if it were included. Absent manifest unfairness, the failure to do so precludes this Court from unilaterally changing the settlement by belatedly adding a reopener provision to the unambiguous settlement terms previously agreed to by the parties. While in settlements affecting the public interest, the Court must be satisfied of the fairness of the settlement, *Janus Films, Inc. v. Miller,* 801 F.2d at 582, the Court has already indicated such satisfaction in approving the settlement on September 18, and nothing in the subsequent submissions of the parties alters that determination. Accordingly, the motion of plaintiff-intervenor to add such a reopener provision, or to interpret the settlement as containing such a provision, is denied.

SO ORDERED.